

IN THE SUPERIOR COURT OF GUAM

HARRY W. MERRILL

Plaintiff,

v.

JULIE D. MANGLONA,

Defendant.

) DOMESTIC CASE NO. DM315-99
)
)
)
)
)
) DECISION AND ORDER
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 21, 2012, on Request for Assignment to Superior Court Judge for Review. Assistant Attorney General Christopher J. Vanzandt with the Office of the Attorney General of Guam's Child Support Division was present. The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

Harry W. Merrill ("Plaintiff") objected to the Recommended Findings and Order by the Child Support Referee. Plaintiff specifically objects to arrears judgment amount of $38,186.81. Plaintiff's Objection to Arrears Judgment Amount (Jan. 13, 2012). The Government responded arguing that the Findings and Order as recommended by the Child Support Referee from the hearing on January 13, 2012 should be adopted. Government's Response to Pl's "Objection to Arrears Judgement [sic] Amount Decided on January 13, 2012. 1:00PM Child Support Session

When reviewing a referee's findings, "the trial court [is to] make a good faith effort to supervise the referee and correct any obvious errors." Lamb v. Hoffman, 2008 Guam 2 ¶ 41.

In review of this matter, the Court begins with Plaintiff's contention that calculations used for arrears was not based on the permanent judgment for child support. The Court concurs with the Government that the Child Support Referee has the duty "[t]o enter temporary orders for support on complex cases." Super. Ct. of Guam Expedited Process R. 4.2 (b) (15). Accordingly, "[a] temporary order of support may be revoked or modified and terminates when the final support order is entered or when the petition for support is dismissed." 5 G.C.A. § 34119.2 (c). Based on that authority, the Court has no reason to second-guess the Referee's Findings and Order on account of utilizing a temporary modified amount to calculate arrears for the period between January 2011 and December 2011.

Secondly, the Court reviews whether the amount of $349.64 be used to calculate arrears for the period of August 2005 to July 2010 and if the date back period is correct. The Government submits that Defendant "has chosen to waive any arrears that may have accrued for the period prior to five (5) years from the date of the latest motion for modification." Government's Response to Pl's "Objection to Arrears Judgement [sic] Amount Decided on January 13, 2012. 1:00PM Child Support Session (Jan. 20, 2012). The Government further submits, "[s]till, [Plaintiff] (Non-custodial Parent), contends that arrears should be calculated to no more than five years prior to January 12, 2011." Id. 5 G.C.A. § 34121 states:

> The provisions of any order respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial and material change of circumstances. Furthermore, any order directing payment for money for support or maintenance of the spouse or the minor child or children shall not be suspended nor the execution of the order stayed pending an appeal. The Superior Court of Guam shall have authority to modify any order, award, stipulation, or agreement as to child support (whether or not merged or integrated into a decree of divorce or

separation) upon a showing of substantial and material change of circumstances. Inability to provide support or need for increased support because of unreasonable obligations voluntarily incurred shall not constitute a showing of substantial and material change of circumstances.

5 G.C.A. § 34121.

In addition to the above statutory provision, the Supreme Court of Guam held that "[a] trial court erred by ordering, without justification, that the child support order be effective from the date the motion was heard and not the date the motion was made." Leon Guerrero v. Moylan, 2002 Guam 18 ¶ 2. Based on the foregoing, this Court has no reason to find the Referee's Findings and Order in error relative to the computation used for the period of August 2005 to July 2010.

Lastly, Plaintiff raises concerns that a pending decision may impact arrears calculations and therefore reason to postpone final judgment on his arrears. The Government responds that because Defendant (Custodial Parent) waived arrears for the period five years prior to filing, [it] takes the issues in this case outside the realm of the pending Terlaje v. Charfauros decision. Government's Response to Pl's "Objection to Arrears Judgement [sic] Amount Decided on January 13, 2012. 1:00PM Child Support Session (Jan. 20, 2012). Hence, the Court finds no error in the instant case relative to the impact a pending appellate case may have. The Supreme Court has yet to rule on that matter and there is no reason at this time for the Court to find any issues with the Referee's Findings and Order.

///

///

///

///

///

## CONCLUSION

This Court holds that the Referee correctly applied all applicable law in the instant case.

Therefore, the Referee's Recommended Findings and Order is **AFFIRMED**.

SO ORDERED this _14_ day of ___March___, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 14 2012

**Amando D. Quitoriano**
Deputy Clerk, Superior Court of Guam